IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANICE HALLIDAY,<br><br>　　　Plaintiff,<br><br>V.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No.<br>§<br>§<br>§<br>§<br>§ |

COMPLAINT

Plaintiff, for her Complaint against Defendant Nissan Motor Acceptance Corporation ("Nissan"), would show as follows:

Parties, Jurisdiction and Venue

1.　Plaintiff is an individual.

2.　Nissan is a corporation and may be served through its registered agent for service of process in Texas, Corporation Service Company dba CSC- Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.　Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claims under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4.　Venue is proper.

Facts

5.　Plaintiff's husband, Michael Halliday, was employed by Nissan in 1996, and then again from 1998 through 2015.

COMPLAINT – Page 1

6. In 2011, Plaintiff's husband was diagnosed with multiple myeloma but was in remission for some or all of the time between then and March 2015. Plaintiff's husband was hospitalized for pneumonia in March 2015. In April 2015, Plaintiff's husband applied for short-term disability benefits through Aon Hewitt, as administrator of its short-term disability benefits plan. He thereafter received short-term disability benefits from Nissan.

7. In June 2015, based upon his health condition not improving, Plaintiff's husband sought information as to retiree benefits from Nissan. Nissan claimed to have sent him a standard "retiree packet" as of June 2015, November 2015 and February 2016.

8. In July 2015, also based upon his health condition not improving, Plaintiff's husband filed a claim for long-term disability benefits through Metropolitan Life Insurance Company ("Metropolitan"), as administrator, and, on information and belief, insurer of such benefits.

9. As of December 28, 2015, Nissan retroactively deemed Plaintiff's husband retired as of November 1, 2015.

10. Between June 2015 and February 2016, Metropolitan did not, as promised in the so-called retirement packet, provide information as to his life insurance benefits as an employee of Nissan with Metropolitan, including both convertible life insurance benefits and additional available life insurance under a group life insurance policy issued in favor of Nissan by Metropolitan.

11. Plaintiff was never provided timely notice on or after November 1, 2015 of his rights to convert the group life insurance policy referred to in paragraph 10 and purchase additional coverage. On information and belief, conversion or such additional insurance must

have been elected within 30 days of retirement, but Plaintiff was not until January 21, 2016 provided notice by Nissan of his retirement as of November 1, 2015.

12. On March 23, 2016, still without having received information concerning life insurance benefits, Plaintiff's husband was contacted by a supervisor at Nissan stating that "now that your retirement has gone through, IT is looking for your computer."

13. On March 28, 2016, Plaintiff's husband made a claim for continuation of group life insurance through Nissan under the group life insurance policy in favor of Nissan issued by Metropolitan. Plaintiff's husband had designated Plaintiff as a beneficiary under the group life insurance policy.

14. On March 30, 2016, Metropolitan acknowledged a claim by Plaintiff's husband for continuation of group life insurance and promised contact with him if he did not return to work with Nissan, apparently not having been notified by Nissan of Plaintiff's deemed retirement as of November 1, 2015.

15. On December 5, 2016, Plaintiff's husband died.

16. Nissan engaged in conduct with respect to Plaintiff's husband and Plaintiff not consistent with its fiduciary duty to Plaintiff under ERISA.

17. Nissan's failure to give Plaintiff's husband and Metropolitan timely notice of his retirement, by waiting until December 28, 2015 to deem him retired as of November 1, 2015, and then not notifying Metropolitan itself subsequently at any time, and the effect of Nissan's omissions upon Plaintiff's husband and Plaintiff's right under Metropolitan's group life insurance policy is subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Code, and Title 28, Part 1, Chapter 3, Subchapter M, Rules

3.1201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Nissan's failure to give Plaintiff's husband timely notice of his termination of his rights under Metropolitan's group life insurance policy, is subject to de novo review and, so reviewed, must be determined to have been wrong. Again in the alternative, in the event Nissan's failure to give Plaintiff's husband timely notice of his rights under Metropolitan's group life insurance policy is subject to review only for abuse of discretion, Nissan, to the extent of any discretion, abused such discretion.

## Claim

18.     For her first cause of action, Plaintiff would show that Nissan wrongfully failed to give Plaintiff timely notice of his right to, and thereby denied, convertible life insurance coverage to Plaintiff's husband and additional potential life insurance coverage through Metropolitan and thus, benefits under the group life insurance policy issued to Plaintiff by Metropolitan to Nissan. Nissan is accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due Plaintiff under the Metropolitan group life insurance policy issued to Nissan, as if converted and any additional potential life insurance coverage available through Metropolitan, based on Plaintiff's husband's death, prejudgment interest and his attorney's fees and expenses and costs of court.

19.      For her second cause of action, Plaintiff would show that Nissan violated its fiduciary duty under ERISA and is entitled to relief under Section 1132(a)(2) of ERISA.

20.     For her third cause of action, Plaintiff would show that Plaintiff is entitled to equitable relief under Section 1132(a)(3) of ERISA.

21. For her fourth cause of action, Plaintiff would show that her husband was subjected to a violation of Section 1140 of ERISA and that Plaintiff is entitled to appropriate equitable relief under Section 1132(a)(3) of ERISA.

WHEREFORE, Plaintiff prays this Court grant her judgment against Nissan for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF